UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN THOMAS McGRATH, SR. | CIVIL ACTION |
| VERSUS | NO. 12-956 |
| JACK STRAIN | SECTION "A" (2) |

## O R D E R

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

The incident that forms the basis of this lawsuit occurred on March 9, 2012. The complaint mentions nothing about physical injuries. In response to the Report and Recommendation, which clearly explained why Plaintiff's claims are not cognizable under federal law and why he cannot recover damages in the absence of physical injury, Plaintiff filed two "statements" (Rec. Docs. 18 & 20) and an Objection (Rec. Doc. 19). Via those documents Plaintiff now claims that he did in fact sustain a physical injury at the jail but the injury was sustained in conjunction with an incident that occurred on March 1, 2012. According to Plaintiff, Sergeant LeBlanc placed him "in arm bar position" and broke his left hand. (Rec. Doc. 19, at 1).

At the <u>Spears</u> hearing held on June 7, 2012, the magistrate judge questioned Plaintiff specifically about physical injuries and Plaintiff denied having any. Plaintiff concedes having previously denied any physical injuries but he claims that the reason he withheld this information from the magistrate judge is because he wasn't injured "at the very moment" and he couldn't prove that his left hand was broken. (Rec. Doc. 20, at 1). But according to Plaintiff, an X-ray of his hand taken on September 13, 2012, showed that his hand was broken. (<u>Id.</u>). Plaintiff also states that a deputy called Davis, who does not appear to be a defendant in this case, was present when the magistrate judge conducted the <u>Spears</u> hearing and advised Plaintiff not to state a claim about "my broke hand cause he would make sure more charges would be placed on [him]." (Rec. Doc. 19, at 3).

The foregoing notwithstanding, it is undisputed that Plaintiff did not sustain any physical injury from the March 9, 2012, incident, which is the sole incident at issue in this lawsuit. Plaintiff never moved to amend his complaint in order to add claims related to an incident that occurred on March 1, 2012, and it is not clear to the Court whether this new claim has even been properly exhausted. The Court therefore adopts the Report and Recommendation because the claims related to the March 9, 2012, incident are not legally cognizable for the reasons given by the magistrate judge.

Accordingly;

**IT IS ORDERED** that plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

October 5, 2012

_____
UNITED STATES DISTRICT JUDGE